IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**<br>231 St. Asaph's Road, Suite 100<br>Bala Cynwyd, PA 19004-0950<br><br>Plaintiff,<br><br>vs.<br><br>**THOMAS N. O'CONNOR PLUMBING & HEATING, LLC**<br>19301 Mateny Hill Road<br>Germantown, MD 20874<br><br>Serve on: Resident Agent<br>Thomas N. O'Connor<br>19301 Mateny Hill Road<br>Germantown, MD 20874<br><br>Defendant. | Case No.: 1:21-CV-02327<br><br>(Jury Trial Requested) |

## **COMPLAINT**

Plaintiff Philadelphia Indemnity Insurance Company, by and through its undersigned counsel, demands judgment against Defendant Thomas N. O'Connor Plumbing & Heating, LLC and complains against it as follows:

## **PARTIES**

1. Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "PIIC") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at One Bala Plaza, 231 St. Asaph's Road, Suite 100, Bala Cynwyd, PA 19004.

2. At all times relevant hereto, PIIC provided property insurance to Dreyfuss Management LLC ("Dreyfuss" or "Subrogor") in connection with its property located at 200

Rhode Island Avenue NE, Washington, DC 20002 (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), PIIC became subrogated to certain recovery rights and interests of Dreyfuss for monies paid thereunder, including the claims giving rise to this action.

4. Defendant Thomas N. O'Connor Plumbing & Heating, LLC ("O'Connor Plumbing" or "Defendant") is a limited liability company whose members are, upon information and belief, Thomas O'Connor, an adult individual and citizen of Maryland, and Kathy Farrar, an adult individual and citizen of Maryland. At all times relevant hereto, O'Connor Plumbing was engaged in the business of, *inter alia,* being a plumbing contractor serving the Greater Metro DC area with both service and construction divisions.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000 (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events and/or omissions giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. In or about 2015, O'Connor Plumbing was engaged to perform plumbing renovations at the subject property.

8. In or about 2015, O'Connor Plumbing completely removed and replaced the plumbing in and around the subject property, including in and around Apartment 411.

9. O'Connor Plumbing failed to weld the CPVC pipe located behind the washer in Apartment 411.

10. On or about May 21, 2020, due to O'Connor Plumbing's failure to weld or otherwise adhere the pipe to the fittings, the CPVC pipe that was behind the washer in Apartment 410 became separated and caused a catastrophic water leak.

11. As a result of the incident, Subrogor, and therefore Plaintiff, sustained damage to real and personal property, as well as the imposition of additional expenses and hardship besides, in an amount in excess of $75,000.00.

12. The incident and consequent damages were directly and proximately caused by Defendant, as is further and more fully described below.

## **COUNT I – NEGLIGENCE**

13. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

14. O'Connor Plumbing owed a duty of reasonable care to Dreyfuss in regard to the renovation and replacement of the plumbing at the subject property and breached said duty.

15. The aforementioned damages were the direct and proximate result of the negligence and carelessness conduct and/or acts or omissions of O'Connor Plumbing, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically failing to exercise reasonable care described as follows:

   a. Failing to exercise reasonable care in the performance of its duties at the subject property, including but not limited to carelessly and negligently failing to competently perform the aforementioned plumbing work at the subject property;

   b. Failing to adequately warn Subrogor and others of the dangers resulting from the failure to exercise reasonable care as described above in subparagraph (a);

    c. failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above;

    d. failing to perform the tasks described in subparagraph (a) in conformity with prevailing industry and governmental customs and standards;

    e. failing to retain competent, qualified and/or able agents, employees, subcontractors or servants to perform the tasks described in subparagraph (a) above; and/or

    f. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry norms application to this action.

16. As a direct and proximate result of O'Connor Plumbing's aforementioned actions and/or omissions, O'Connor Plumbing acted negligently or carelessly and is therefore liable to Subrogor and, in turn, Plaintiff for the damages suffered.

17. As a direct and proximate result of the aforementioned negligence and careless conduct of O'Connor Plumbing, Subrogor sustained and incurred damage to its real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Subrogor's rights of recovery in connection with this claim.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II - BREACH OF WARRANTIES

18. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

19. In furtherance of the aforementioned services performed, O'Connor Plumbing had expressly and/or impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

4

20. Based upon the aforementioned improper conduct on the part of O'Connor Plumbing, by and through its servants, employees, and/or agents as set forth above, O'Connor Plumbing breached these warranties.

21. As a direct and proximate result of these breaches, Subrogor sustained and incurred damage to its real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Subrogor's rights of recovery in connection with this claim.

22. Subrogor and Plaintiff have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands that this action be tried by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 2nd day of September, 2021.

/s/ Terry L. Goddard Jr.
James D. Skeen (Bar No.: 388724)
Terry L. Goddard, Jr. (Bar No.:  MD15460)
Skeen & Kauffman, L.L.P.
1311 Cox Street
Baltimore, Maryland 21211
(410) 625-2272
jskeen@skaufflaw.com
tgoddard@skaufflaw.com
Attorney for the Plaintiff